The GENERAL TIRE & RUBBER
COMPANY, Plaintiff,

v.

The FIRESTONE TIRE & RUBBER
COMPANY, Defendant.

The FIRESTONE TIRE & RUBBER
COMPANY, Plaintiff,

v.

The GENERAL TIRE & RUBBER
COMPANY, Defendant.

Nos. C 36799, C 67–206.

United States District Court,
N. D. Ohio, E. D.

Oct. 3, 1972.

### ORDER

BATTISTI, Chief Judge.

Pursuant to the order of the United States Court of Appeals for the Sixth Circuit, the accompanying judgment order amends the final paragraph of this Court's memorandum opinion and order of June 26, 1972, 349 F.Supp. 345.

It is so ordered.

### JUDGMENT ORDER

It is hereby ordered and adjudged:

1. That this Court has jurisdiction of the parties and subject matter of these actions.

2. That United States Letters Patent No. 2,964,083 was duly and lawfully issued and has since been owned by the General Tire and Rubber Company.

3. That claims 1, 3–5, 7, 13, 14, 17–19 and 22 of said patent in suit, the representative claims here in issue, are in all respects valid and enforceable.

4. That Stock A, Blend 2 and Blend 5, the representative tread stocks here in issue, infringe each of representative claims 13, 14, 17–19 and 22 and when applied as the vulcanized tread portion of a pneumatic tire they infringe each of representative claims 1, 3–5, and 7.

5. That the subject matter of said patent in suit is not and has never been licensed to the Firestone Tire and Rubber Company, either expressly or impliedly.

6. That a writ of injunction issue out of and under the seal of this Court, directed to the Firestone Tire and Rubber Company, its officers, agents, servants, employees, attorneys, successors, assigns, and those in privity with them, enjoining and restraining them from directly or indirectly infringing claims 1, 3–5, 7, 13, 14, 17–19 and 22 of United States Letters Patent No. 2,964,083, and from inducing, aiding, abetting, advertising, or in any way contributing to the infringement of said patent claims.

7. That the General Tire and Rubber Company recover from the Firestone Tire and Rubber Company the damages to which it is entitled by law for the infringement of said patent in suit, together with such attorneys' fees, punative damages, expenses, costs and interest as after the report of the Special Master may be determined and awarded by this Court.

8. That these actions are hereby referred to a Special Master to be designated by this Court to make and render an accounting as to the extent of infringement by defendant of said Patent No. 2,964,083 and the amount of damages suffered by the General Tire and Rubber Company on account thereof and to report to this Court his recommendation as to the amount that the General Tire and Rubber Company should recover from the Firestone Tire and Rubber Company, including recommendations with relation to the costs of the accounting and interest to be borne by the Firestone Tire and Rubber Company. Said accounting is stayed until there has been a final determination of the issues of validity and infringement.

9. This injunction is stayed until there has been a final determination of the issues of validity and infringement.

10. No bond is required since Firestone's financial position is sound. Therefore, Firestone is left to its own recognizance in providing General's security herein.

It is so ordered.